## PHILLIPS v. BREMICKER.

No. 14520—Opinion Filed Feb. 12, 1924.

**Appeal and Error—Questions of Fact—Verdict.**

Where a case is tried to a jury and no exceptions are saved to the instructions of the court, and the evidence reasonably tends to support the verdict of the jury, it will not be disturbed on appeal to this court.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; W. L. Eagleton, Assigned Judge.

Action by Minnie Bremicker against D. M. Phillips for damages growing out of a failure of warranty in a cow sold by Phillips to Bremicker. Judgment for Bremicker, and Phillips appeals. Affirmed.

C. H. Parrick, for plaintiff in error.

Pearson & Baird, for defendant in error.

Opinion by MAXEY, C. This case was originally brought in a justice of peace court and there was judgment for the plaintiff, and the defendant appealed to the district court of Oklahoma county, where the case was tried de novo before the court and a jury, and judgment was again rendered for the plaintiff.

The facts are as follows: Minnie Bremicker was running a dairy on a small scale in the city of Oklahoma City and purchased a cow from the defendant, Phillips, which Phillips guaranteed to be a fresh cow and was giving 12 quarts of milk a day. It turned out that the cow was diseased at the time she was sold the plaintiff, having what is called cowpox, and that her milk was not fit for use. Phillips took the cow back and agreed to get a cow that would come up to the warranty made on the cow that he first sold plaintiff, and loaned her another cow to use while he was looking up another cow for the plaintiff. He found a cow that he thought would come up to the warranty and took her to the plaintiff's dairy and took the one he had loaned her away. This cow also failed to come up to the warranty, and various efforts were made by Phillips to get a cow satisfactory to the plaintiff, but he did not do so, and plaintiff finally bought a cow herself and sold the one she had gotten from Phillips for $25. She then brought suit against Phillips on his warranty, and there is not much controversy in the testimony about the warranty of the first cow he sold to plaintiff, but it is contended by counsel for plaintiff in error that the trading of the second cow was a novation and that the first deal was out of the case. The court, we think, properly held that it was a continuing contract, and that Philips was trying to find a cow satisfactory to Mrs. Bremicker. The case was carefully tried and the jury properly instructed and they returned a verdict for the plaintiff for the sum of $100. No exceptions were saved to the instructions given by the court, and the only evidence admitted that is complained of was that relating to the first trade which they contend was novated. The ruling of the court, which we think was proper, on this question answers that; and, as before stated, the case was carefully tried, the jury properly instructed, and under the rule established in this court, the verdict of the jury will not be disturbed if the evidence reasonably tends to support the verdict. This case comes clearly within that rule, and the judgment of the trial court should be affirmed.

Counsel for defendant in error have asked in their brief that judgment be rendered by this court against the sureties on the supersedeas bond, but there is no supersedeas bond in the record and none has been called to our attention, and therefore we are unable to enter judgment here on the supersedeas bond.

By the Court: It is so ordered.